U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

---

HEEREN, LLC, a Michigan limited
liability company;

    Plaintiff,

v.

R & M, INC. d/b/a VIC'S
SUPERMARKET, RONALD F. NEAL,
SR., MARY NEAL; JAMES NEAL;

    Defendants.

Docket No.

HON.

**PLAINTIFF'S COMPLAINT**

---

David E. Bevins (P48955)
RHOADES MCKEE P.C.
Attorneys for Plaintiff
55 Campau, N.W., Suite 300
Grand Rapids, MI 49503
(616) 235-3500

---

Plaintiff Heeren, LLC, through its counsel Rhoades McKee, P.C., states as follows in support its Complaint against Defendants:

## PARTIES

1. Plaintiff Heeren, LLC ("**Heeren**") is a Michigan limited liability company with offices located at 1055 7 Mile Rd., N.W., Comstock Park, Michigan 49321.

2. Defendant R & M, Inc. d/b/a Vic's Supermarket ("**Vic's**"), is a Michigan corporation, with a registered office located at 716 S. Chestnut, Reed City, Michigan, and whose resident agent is Ronald F. Neal, Sr.

3. Defendant Ronald F. Neal, Sr. is on information and belief a Michigan resident.

4. Defendant Mary Neal is on information and belief a Michigan resident.

5. Defendant James Neal is on information and belief a Michigan resident.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the federal questions raised in this action pursuant to 28 U.S.C. § 1331 and 7 U.S.C. § 499e. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the cause of action arose in this District.

## ALLEGATIONS OF COMMON FACTS

8. Paragraphs 1 through 7 are re-alleged as if fully set forth herein.

9. Heeren is in the business of selling and shipping grocery products including perishable agricultural commodities such as fruits and vegetables to purchasers such as Vic's.

10. Heeren is, and was at all relevant times, licensed under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"). **Exhibit 1**.

11. Vic's, among other things, purchases perishable agricultural commodities for resale in its grocery store operations.

12. Consistent with its business, from January 2016 until November 2016, Heeren sold perishable agricultural commodities to Vic's on account.

13. Heeren provided an invoice at the time of delivery for each shipment, which is the ordinary and usual billing method used by the parties.

14. The following language is included on all of the invoices provided by Heeren to Vic's:

> The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other

products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. Buyer agrees that interest shall accrue on past due balances at 1.5% per month (18% per annum). Buyer agrees to pay all costs of collections including attorney fees.

15. Copies of the relevant invoices are attached hereto as **Exhibit 2**.

16. Pursuant to the invoices, Vic's was required to pay for all amounts within 10 days.

*Id*.

17. As of May 21, 2018, Vic's is indebted to Heeren in the amount as follows:

| | |
|---|---|
| Sales: | $38,055.65 |
| Interest: | $12,452.09 |
| Legal Fees (Estimate): | $2,500.00 |
| TOTAL: | $53,007.74 |

18. Because a portion of what Heeren sells to Vic's does not constitute perishable agricultural commodities, Heeren analyzed the invoices and determined that, as of May 21, 2018, Vic's is indebted to Heeren in the amount as follows for perishable agricultural commodities only:

| | |
|---|---|
| PACA Sales: | $32,392.92 |
| PACA Interest: | $10,636.97 |
| Legal Fees (Estimate): | $2,500.00 |
| TOTAL: | $45,529.89 |

19. Interest will continue to accrue on the amounts due, and Heeren will continue to incur legal fees and collection costs.

20. The PACA requires Vic's to make prompt payment to Heeren for all perishable agricultural commodities delivered. 7 U.S.C. § 499b(4).

21. Until payment is made, the PACA imposes a trust for the benefit of sellers, such as Heeren, on certain assets of the buyer of perishable agricultural commodities, such as Vic's.

22.     The PACA trust is imposed on all of Vic's' inventories of food derived from perishable agricultural commodities, the commodities themselves, and any receivables or proceeds from the sale of such commodities or products. 7 U.S.C. § 499e(c).

23.     The PACA provides that trust assets are preserved as a "nonsegregated floating trust." Commingling of trust assets with the buyer's other assets is contemplated such that any asset purchased or paid for by the buyer of perishable agricultural commodities while the trust is in existence is assumed to be purchased or paid for with trust assets and will, therefore, become part of the trust *res* available to satisfy the seller's claims.. 7 C.F.R. § 46.46(b).

24.     Heeren, as a PACA licensee, has at all relevant times complied with the PACA notice requirements by supplying a statutorily compliant PACA notice on each of its invoices to Vic's. 7 U.S.C. § 499(c)(4). *See* **Exhibit 2**.

25.     Having provided the appropriate notices, Heeren remains a trust beneficiary until Vic's pays Heeren in full. 7 C.F.R. § 46.46(c)(1).

26.     Vic's is required to maintain trust assets so as to be able to satisfy all of its outstanding obligations to Heeren. 7 C.F.R. § 46.46(d)(1).

27.     Any act or omission inconsistent with maintaining trust assets in such a freely available manner, including dissipation of trust assets, is unlawful and in violation of the PACA. 7 U.S.C. § 499b; 7 C.F.R. § 46.46(d)(1).

28.     On information and belief, Vic's currently holds accounts receivable subject to Heeren's PACA trust claim.

29.     On information and belief, Vic's has deposited proceeds from the sale of perishable agricultural commodities supplied by Heeren into one or more of Vic's' bank accounts so that those accounts are also subject to Heeren's PACA trust claim.

30. On information and belief, Vic's has purchased and/or paid for inventory, equipment, real property holdings and other assets during the time Heeren's trust rights existed thereby commingling those assets with Heeren's PACA trust assets and making those assets subject Heeren's PACA trust claim.

31. Vic's has gone out of business and closed its doors.

32. Vic's has failed to pay Heeren the amounts due as set forth herein.

<u>COUNT I – VIOLATION OF PACA TRUST</u>

33. Paragraphs 1 through 32 are re-alleged as though fully set forth herein.

34. By failing to pay Heeren promptly, Vic's has violated its PACA obligations.

35. Heeren has a valid PACA trust in all of Vic's' bank accounts, real property, and other assets purchased or paid for during the existence of Heeren's PACA trust.

36. The value of Heeren's trust claim against Vic's is at least $44,966.47, and that amount will continue to increase due to interest, attorney's fees and collection costs.

37. Heeren's PACA trust claim in Vic's' assets is superior to any of Vic's' other non-PACA creditors' rights, whether such creditors are secured by a particular asset or not.

WHEREFORE, Heeren requests that this Court grant the following relief:

 A. Determine that the following are subject to a PACA trust in favor of Heeren:

  1. All perishable agricultural commodities supplied by Heeren to Vic's that have not yet been sold and/or Vic's' inventory of products made by commodities supplied by Heeren;

  2. All proceeds from the sale by Vic's of perishable agricultural commodities supplied by Heeren and/or of products made by commodities

supplied by Heeren, and all accounts into which such proceeds have been deposited;

    3.    All Vic's' account receivables generated by the sale of perishable agricultural commodities supplied by Heeren and/or by the sale of products made by commodities supplied by Heeren;

    4.    All real and personal property assets purchased or paid for by Vic's during the existence of the PACA trust in favor of Heeren.

    B.    Enter a Judgment in favor of Heeren directing Vic's to pay to Heeren the entire PACA trust amount then due, together with pre- and post-filing interest, costs and attorney's fees as permitted by contract and law; and

    C.    Grant such further or different legal or equitable relief this Court deems just.

### COUNT II – VIOLATION OF PACA BY INDIVIDUAL DEFENDANTS

38.    Paragraphs 1 through 37 are re-alleged as if fully set forth herein.

39.    Individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who fail to preserve those assets, may be held personally liable under PACA.

40.    Defendants Ronald F. Neal, Sr., Mary Neal and James Neal, are all, on information and belief, shareholders, officers and/or directors of Vic's.

41.    Defendants Ronald F. Neal, Sr., Mary Neal and James Neal, on information and belief, were in a position to control the PACA trust assets.

42.    Defendants Ronald F. Neal, Sr., Mary Neal and James Neal, on information and belief, failed to preserve the PACA trust assets.

43. Heeren has suffered damages in the amount of its PACA claim due to the failures of Defendants Ronald F. Neal, Sr., Mary Neal and James Neal as set forth herein.

WHEREFORE, Heeren requests that this Court enter a judgment against Defendants Ronald F. Neal, Sr., Mary Neal and James Neal for their failure to protect Heeren's PACA trust rights in the amount of $45,529.89 plus pre- and post-filing interest, costs and attorney's fees as permitted by contract and law, together with such further or different legal or equitable relief this Court deems just.

### COUNT III – BREACH OF CONTRACT

44. Paragraphs 1 through 43 are re-alleged as if fully set forth herein.

45. Heeren sold product to Vic's on account.

46. Vic's has failed to pay for those products and is indebted to Heeren in the amount of $53,007.74 as of May 21, 2018.

47. Vic's' failure to pay constitutes a breach of the agreements between the parties.

WHEREFORE, Heeren requests that this Court enter a Judgment against Vic's in the amount of $53,007.74, plus pre- and post-filing interest, costs and attorney's fees as permitted by contract and law, together with such further or different legal or equitable relief this Court deems just.

Dated: May 24, 2018

RHOADES McKEE P.C.
Attorneys for Heeren, LLC

By: /s/ David E. Bevins
    David E. Bevins (P48955)
Business Address:
    55 Campau, N.W., Suite 300
    Grand Rapids, MI 49503
    Telephone: (616) 235-3500